CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

JOHN N. DROOYAN, ESQ./SBN 238609
LAW OFFICE OF JOHN DROOYAN
259 West 7th Street
San Pedro, CA 90731
Telephone: (310)309-9430
Facsimile: (310)359-0245
jd@drooyanlaw.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br>     Plaintiff, <br><br>  v. <br><br> **E.S.E. Electronics, a California Corporation**; and Does 1-10, <br><br>     Defendants. | Case No. 2:16-cv-07994-CAS-AGR <br><br> **Joint Report (Rule 26) for Scheduling Conference** <br><br> Date:   April 3, 2017 <br> Time:   11:00 a. m. <br><br> Honorable Judge Christina A. Snyder |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed January 25, 2017, the parties hereby submit the following Rule 26 Joint Report.

//

1

## I.     Brief Factual Summary of the Case and Claims Being Asserted

<u>Plaintiff</u>: Chris Langer is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. Defendant E.S.E. Electronics owns the property located at or about 1111 S. Central Avenue, Los Angeles, California. Defendant E.S.E. Electronics owns the ESE Electronics store ("Store") located at or about 1111 S. Central Avenue, Los Angeles, California. The Plaintiff went to the Store in September 2016 to shop.

There were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in September 2016. Plaintiff alleges that there used to be a compliant, accessible parking spaces in the parking lot prior to September 2016. Plaintiff alleges that defendants allowed the parking space to either fade beyond recognition or get paved over. The defendants have no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remain compliant. Additionally, and even though plaintiff did not personally confront the barrier, the transaction counter is 38 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs. Moreover, the defendants crowd the transaction counter with merchandise and displays that narrow the clear width of the counter to less than 36 inches.

Defendant's failure to provide for an accessible parking space and transaction counter at the Store is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and statutory minimum damage award under the Unruh Civil Rights Act.

Defendant: E.S.E. Electronics Store was not open to the public in September of 2016; and Defendant E.S.E. Electronics did not fail to provide for accessible parking space for the store, and did not fail to provide for accessible counter space in September of 2016.

## II. Complexity

This case is not complex. There is no need for reference to the procedures set forth in the Manual for Complex Litigation.

## III. Motions Schedule

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case.

Defendant: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case.

## IV. Settlement

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

## V. Trial Estimate

The parties anticipate a 2-3 day trial. The parties propose that the Final Pretrial Conference be set for May 7, 2018 and the Trial date be set for May 22, 2018.

### VI. Additional Parties

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendant</u>: does not anticipate joining any additional parties.

### VII. Expert Witnesses

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

**RULE 26 DISCOVERY PLAN**

**A.   Initial Disclosures**

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by March 14, 2017.

**B.   Discovery**

<u>Plaintiff</u>: intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible parking space and transaction counter at the Store; (3) reasonable modifications to the property (4) the feasibility of providing access to persons with disabilities. The plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u>: intends to seek discovery regarding the basis of Plaintiff's claims and intends to propound Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of February 26, 2018.

**C.     Electronic Discovery**

<u>Plaintiff</u>: Plaintiff hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendant</u>: Defendant objects to Plaintiff's request that Defendant produce all surveillance audio and video footage recorded at Defendants' facility on the grounds that Plaintiff's request that Defendant produce all surveillance audio and video footage recorded at Defendants' facility is overly broad with respect to time and unduly burdensome.

Defendant hereby requests that, as part of initial disclosures, that Plaintiff produce all electronic evidence, including but not limited to photographs, video, and audio recordings, in Plaintiff's custody or control that support Plaintiff's claims in the within matter.

The parties do not see any other issues regarding electronically stored information in this case. The parties agree that documents maintained in electronic format may be produced in hard copy format.

//
//

**D.     Privilege Issues**

The parties do not see any issues regarding privilege in this case at this time.

**E.     Changes to Discovery Rules**

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant</u>: Defendant requests that rule FRCP 33(a)(1) limits be increased to 45 for all parties. Defendant otherwise requests no deviation from the Federal and Local Rules.

**F.     Other Orders**

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure. The parties propose the following case management dates:

| Matter | Date |
| --- | --- |
| Last day to Amend Pleadings or Add Parties | 11/27/2017 |
| Initial Expert Disclosure | 1/15/2018 |
| Rebuttal Expert Disclosure | 2/12/2018 |
| Discovery Cut Off Date (including experts) | 2/26/2018 |
| Last day to conduct settlement conference | 3/12/2018 |
| Pretrial Conference | 5/7/2018 |
| Trial | 5/22/2018 |

Dated: March 13, 2017                    CENTER FOR DISABILITY ACCESS

By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

Dated: March 13, 2017                    LAW OFFICE OF JOHN DROOYAN

By: */s/ John N. Drooyan*
John N. Drooyan, Esq.
Attorney for Defendant
E.S.E. Electronics

7

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: March 13, 2017                                    CENTER FOR DISABILITY ACCESS

                                                             By: */s/Dennis Price*
                                                             Dennis Price
                                                             Attorneys for Plaintiff

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 11/27/2017 |
| Non-Expert Discovery Cut-Off | 15 | 2/5/2018 |
| Expert Discovery Cut-Off | 12 | 2/26/2018 |
| Last Day to Conduct Settlement Proceedings | 10 | 3/12/2018 |
| Last Day for Law and Motion Hearings | 8 | 3/26/2018 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 5/7/2018 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 5/14/2018 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 5/18/2018 |
| Trial **(Tuesday at 9:00 a.m.)** | | 5/22/2018 |